**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3814-23

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

ZAHIRE N. WILLIAMS,
a/k/a ZAHIRE WILLIAMS,

      Defendant-Appellant.

_____

Submitted October 2, 2025 – Decided November 7, 2025

Before Judges Mawla and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 21-10-1204 and Accusation No. 22-07-1182.

Jennifer N. Sellitti, Public Defender, attorney for appellant (James D. O'Kelly, Designated Counsel, on the briefs).

LaChia L. Bradshaw, Burlington County Prosecutor, attorney for respondent (Alexis R. Agre, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Zahire N. Williams appeals from two June 6, 2024 orders denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

On July 7, 2022, defendant pleaded guilty to an amended count one of Indictment No. 21-10-1204, first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1); and the sole count in Accusation No. 22-07-1182, third-degree witness tampering, N.J.S.A. 2C:28-5(a)(l). In exchange for defendant's guilty plea, the State agreed to dismiss the remaining counts of the indictment and recommend a twenty-five-year sentence for the aggravated manslaughter charge and a consecutive three-year sentence for the witness tampering charge.

Prior to accepting the plea, the judge conducted a colloquy with defendant, who confirmed he knowingly and voluntarily entered into the agreement and was satisfied with his counsel's representation. Defendant then provided a factual basis for the aggravated manslaughter charge, admitting he knowingly and purposefully fired a gun at the victim, causing his death; and for the witness tampering charge, admitting he purposefully engaged a third party to encourage witnesses not to appear in court to testify against him.

2

At the September 9, 2022 sentencing hearing, the State argued in favor of aggravating factors three (the risk that the defendant will commit another offense), N.J.S.A. 2C:44-1(a)(3); six (the extent of the defendant's prior criminal record and the seriousness of the offenses of which the defendant has been convicted), N.J.S.A. 2C:44-1(a)(6); and nine (the need for deterring the defendant and others from violating the law), N.J.S.A. 2C:44-1(a)(9). Given defendant's age, the State conceded mitigating factor fourteen (defendant was under twenty-six years of age at the time of the commission of the offense), N.J.S.A. 2C:44-1(b)(14).

Defense counsel argued for mitigating factors seven (defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the present offense), N.J.S.A. 2C:44-1(b)(7); and fourteen. Counsel then requested the judge sentence defendant in accordance with the plea agreement.

In imposing the sentence, the judge found aggravating factor nine, which he gave "significant, substantial weight," and mitigating factor fourteen. The judge considered, but did not find, mitigating factor seven. Although counsel did not argue for mitigating factor eight (the defendant's conduct was the result of circumstances unlikely to recur), N.J.S.A. 2C:44-1(b)(8), the court considered

it and determined it did not apply. After making these findings, the court imposed the recommended sentence in accordance with the plea agreement.

On May 25, 2023, defendant filed a petition for PCR alleging ineffective assistance of counsel during plea negotiations and at the sentencing hearing. Assigned counsel filed an amended petition, along with a brief in support of the petition, which the State opposed.

The judge who presided over the plea and sentencing hearings considered the PCR petition. After hearing argument, the judge denied the petition without an evidentiary hearing. In his June 4, 2024 oral decision, the judge found defendant failed to meet either prong of Strickland v. Washington, 466 U.S. 668 (1984). The judge determined defense counsel's representation at sentencing did not fall below an objective standard of reasonableness because, when examining the evidence, counsel may have "determined that there were no additional mitigating factors to be argued." In addition, the judge found defendant could not demonstrate that, had counsel argued for additional mitigating factors, it would have impacted the outcome of the matter.

II.

On appeal, defendant raises a single issue for our consideration:

4

DEFENDANT IS ENTITLED TO [PCR] DUE TO TRIAL COUNSEL'S INEFFECTIVENESS AT THE SENTENCING HEARING.

To succeed on a claim of ineffective assistance of counsel, a defendant must establish by a preponderance of the evidence both prongs of the test set forth in Strickland, 466 U.S. at 687, and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). State v. Gaitan, 209 N.J. 339, 349-50 (2012). First, a "defendant must show that counsel's performance was deficient." Strickland, 466 U.S. at 687. A defendant must demonstrate "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Ibid. The Constitution requires "reasonably effective assistance," so an attorney's performance may not be attacked unless it was not "within the range of competence demanded of attorneys in criminal cases" and instead "fell below an objective standard of reasonableness." Id. at 687-88.

When assessing the first Strickland prong, "[j]udicial scrutiny of counsel's performance must be highly deferential," and "every effort [must] be made to eliminate the distorting effects of hindsight." Id. at 689. A reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "the defendant must overcome

5

the presumption that, under the circumstances, the challenged action [by counsel] 'might be considered sound trial strategy.'" Ibid. (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

Under the second Strickland prong, a defendant must "affirmatively prove" with "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." State v. Gideon, 244 N.J. 538, 551 (2021) (quoting Strickland, 466 U.S. at 693-94). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Ibid. (quoting Strickland, 466 U.S. at 694).

Because the PCR court denied the petition without an evidentiary hearing, we review the order de novo. State v. Harris, 181 N.J. 391, 421 (2004). We review the decision to deny the petition without an evidentiary hearing for abuse of discretion. State v. Preciose, 129 N.J. 451, 462 (1992).

Here, defendant's petition generally alleged defense counsel failed to argue additional mitigating factors but failed to specify what additional factors would have applied. A defendant may not rely on "bald assertions that he was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, the petition "must allege facts sufficient to demonstrate counsel's alleged substandard performance." Ibid.

For the first time on appeal, defendant articulates which mitigating factors he believes counsel should have argued at sentencing. We decline to consider an issue not properly presented to the trial court unless the jurisdiction of the court is implicated, or the matter concerns an issue of great public importance. State v. Galicia, 210 N.J. 364, 383 (2012); Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). Neither circumstance is present in this matter.

A court's finding of mitigating factors is discretionary, see State v. Bieniek, 200 N.J. 601, 609 (2010), and its decision not to apply all those raised by the parties at sentencing cannot be attributed to defense counsel as constitutionally deficient performance. Even assuming the sentencing judge's consideration and weighing of the factors was insufficiently detailed, we are unconvinced the deficiency was caused by counsel's ineffectiveness.

We are also unpersuaded defendant established the second prong of Strickland, because he could not demonstrate the outcome of the sentencing would have been different had defense counsel argued for additional mitigating factors or a lesser sentence. The sentencing court imposed a sentence in accordance with the negotiated plea agreement, which "should be given great respect, since a 'presumption of reasonableness . . . attaches to criminal sentences imposed on plea bargain defendants.'" State v. S.C., 289 N.J. Super.

61, 71 (App. Div. 1996) (alteration in original) (quoting State v. Sainz, 107 N.J. 283, 294 (1987)).  Defendant's petition did not demonstrate he would have received a lesser sentence if counsel had advocated for additional, unspecified mitigating factors.

Finally, because defendant did not establish a prima facie case for relief, material issues of disputed fact, or that an evidentiary hearing was necessary, the denial of his request for a hearing was not an abuse of discretion.  R. 3:22-10(b); see Preciose,129 N.J. at 462-63.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

8                                                                      A-3814-23